UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINSEVILLE DIVISION

| | |
|---|---|
| MOSE MATHIS,<br><br>    Plaintiff,<br><br>vs.<br><br>HEADWATERS CONSTRUCTION LLC, a Domestic Limited Liability Company, and AVERY HOWELL, Individually,<br><br>    Defendant. | CASE NO.: 2:16-cv-164-WCO |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MOSE MATHIS, by and through his undersigned counsel, and hereby sues the Defendant, HEADWATERS CONSTRUCTION LLC, a Domestic Limited Liability Company, and AVERY HOWELL, individually, (hereinafter referred to as the "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Forsyth County, Georgia.

## PARTIES

6. Plaintiff was a Heavy Equipment Operator and performed related activities for Defendants in Forsyth County, Georgia.

7. Defendants, HEADWATERS CONSTRUCTION LLC, and AVERY HOWELL provide a variety of services for different clients including,

turn-key site work, excavation, grading, site utilities, erosion control, demolition/renovations and related services to their customers.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendants in Cummings, Forsyth County, Georgia.

9. Plaintiff received a salary of one thousand, five hundred dollars ($1,500) every two (2) weeks in exchange for work performed.

10. Plaintiff worked as "Heavy Equipment Operator" for Defendants and performed related activities (i.e. operated heavy machinery, and completed labor duties for Headwaters).

11. Plaintiff worked in this capacity from July 15, 2014 through July 31, 2015.

12. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

13. Plaintiff worked an average of forty-five (45) hours per week.

14. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of no less than

time and one half his regular rate of pay for *all* hours worked over forty in a workweek.

15. Heavy Equipment Operators were eligible for overtime provided they worked more than forty (40) hours per week.

16. At all material times during the last three years, Defendant, HEADWATERS CONSTRUCTION, LLC was an enterprise subject to the FLSA's provision on overtime wages.

17. At all times relevant to this action, AVERY HOWELL regularly exercised the authority to hire and fire employees of HEADWATERS CONSTRUCTION, LLC.

## COVERAGE

18. The Defendant, HEADWATERS CONSTRUCTION LLC, is a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

19. The Defendant, AVERY HOWELL regularly exercised authority on behalf of HEADWATERS CONSTRUCTION, LLC, a corporation formed and existing under the laws of the State of Georgia and at all times,

during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203, et seq.

20. Plaintiff was an employee of Defendants and was at all times relevant to the violations of the FLSA (2015), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

21. At all material times relevant to this action (2015), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

22. At all material times relevant to this action (2015), the Defendant made gross earnings of at least Five Hundred Thousand Dollars and 0/100 ($500,000.00) annually.

23. At all material times relevant to this action (2015), the Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with heavy machinery, telephones, office furniture, paper, pens, etc.).

24. At all material times relevant to this action (2015), Defendant had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. landscaping and construction materials, etc.).

25. At all material times relevant to this action (2015), the Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

26. At all material times relevant to this action (2015), the Defendant also used heavy machinery, construction and landscaping materials, natural drainage and bio-retention systems, to complete complex projects for commercial use .

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS HEADWATERSCONSTRUCTION LLC

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though fully stated herein.

29. Plaintiff, MOSE MATHIS, worked for Defendants from July 15, 2014 through July 31, 2015 as a Heavy Equipment Operator for Defendants' businesses located in Georgia.

30. Defendants' corporation is formed and existing under the laws of the State of Georgia and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

31. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required under the law.

32. Specifically, Defendants failed to keep accurate time records as required by the FLSA for Plaintiff.

33. Plaintiff demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

WHEREFORE, Plaintiff, MOSE MATHIS, demands judgment against Defendants, HEADWATERS CONSTRUCTION LLC, and AVERY HOWELL, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this <u>1st</u> day of <u>July</u>, <u>2016</u>.

        Respectfully submitted,

        <u>/s/ JUSTIN D. MILLER</u>
        Justin D. Miller, Esquire
        GABN 001307
        MORGAN & MORGAN, P.A.
        191 Peachtree Street NE,
        P.O. Box 57007
        Atlanta, GA 30343
        Telephone: (404) 965-8811
        Facsimile: (404) 965-8812
        Email: jmiller@forthepeople.com
        *Attorneys for Plaintiff*